UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON COOPER, | : | Case No. 1:06-cv-577 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SOUTHERN OHIO CORRECTIONAL | : | |
| FACILITY, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 12) BE CONSTRUED AS A MOTION FOR ENTRY OF DEFAULT AND GRANTED; AND (2) THE REQUEST FOR DEFAULT JUDGMENT BE DENIED WITHOUT PREJUDICE TO RENEWAL**

Plaintiff Jason Cooper, by counsel, seeks an entry of default and default judgment against Defendant Patrick Shiland ("Shiland") in this prisoner civil rights action.

Plaintiff filed a Motion For Default Judgment on December 20, 2006, which included a request for entry of default against Shiland and two other Defendants, Southern Ohio Correctional Facility ("SOCF") and James Haviland ("Haviland").[2] (Doc. 5.)  Haviland and SOCF were granted leave to file their Answer out of time (*see* Doc. 9), and the motion was withdrawn as against these two Defendants (*see* Doc. 8.)  Although the Notice of Withdrawal reiterated Plaintiff's request for a default against Shiland (*see*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] On August 21, 2007, Plaintiff entered a Stipulation of Dismissal as to defendants SOCF and Haviland.  (Doc. 17.)

*id.*), the motion inadvertently was terminated by action of the Clerk.

On July 24, 2007, Plaintiff filed a second motion for entry of default judgment addressed only to his claims against Shiland. (Doc.12.) For the reasons that follow, it is recommended that the motion for entry of default judgment be construed as a motion for entry of default and **GRANTED**, and that the request for default judgment be denied without prejudice to renewal.

## DISCUSSION

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b) Judgment. Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages, or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems

> necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)). "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.*, 705 F.2d at 844.

Plaintiff's request for default judgment is premature because there is no entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). "In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a)." *Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997). Therefore, Plaintiff's request for default judgment should be denied.

In the interests of judicial economy, however, Plaintiff's motion should be construed as a motion for entry of default and granted. Plaintiff filed his complaint on August 30, 2006. (Doc. 1.) Documents in the record show that a copy of the complaint and summons were sent by certified mail on November 15, 2006, and delivered to Shiland at 39 Savila Drive, Waverly, Ohio on November 16, 2006. (*See* Doc. 12, Ex. 2.) The time for Shiland to answer or otherwise plead expired December 8, 2006. *See* Fed.

R. Civ. P. 12.

On July 24, 2007, Plaintiff filed the instant motion alleging that Shiland had failed to answer or otherwise plead in response to his complaint. Plaintiff contends moreover that Shiland should be ordered to pay punitive damages of $75,000 and Plaintiff's medical expenses. (*See* Doc. 12.)

Shiland did not file a response to the motion for default judgment. Because it appears that Shiland was properly served with a summons and copy of the complaint and has failed to plead or otherwise defend, an Entry of Default is appropriate pursuant to Fed. R. Civ. P. 55(a).

Following the entry of default, Plaintiff should have leave of Court to renew his motion for default judgment under Fed. R. Civ. P. 55(b) accompanied by an affidavit to support his claim for damages and medical expenses.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Motion for Default Judgment (Doc. 12) be construed as a request for entry of default and **GRANTED**, and the Clerk be directed to enter a default against defendant Patrick Shiland pursuant to Fed. R. Civ. P. 55(a).

2. Plaintiff's request for default judgment should be **DENIED** without prejudice to renewal accompanied by an affidavit in support of his claim for damages.

Date:  8/28/07                                s/Timothy S. Black
                                              Timothy S. Black
                                              United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JASON COOPER, | : | Case No. 1:06-cv-577 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| SOUTHERN OHIO CORRECTIONAL FACILITY, *et al.*, | : | |
| | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).